946 F.2d 894
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth Maynard BARNES, Plaintiff-Appellant,
v.
James HAMILTON, Barbara Smith, Greenup County Sheriff's
Department, Kentucky State Police, John Doe, et
al., Defendants-Appellees.
 No. 91-5360.
 United States Court of Appeals, Sixth Circuit.
 Oct. 10, 1991.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Kenneth Maynard Barnes, a pro se North Carolina prisoner, appeals the district court's summary dismissal of his civil rights complaint filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Barnes sued these Kentucky state penal officials in their individual and official capacities alleging that his constitutional rights were violated as a result of his December 1, 1987 arrest, and during his subsequent confinement in the Greenup and Boyd County jails during the month of December 1987. Specifically, Barnes alleged that the defendants used excessive force in effectuating his arrest; they denied him medical attention while he was incarcerated; and he was subjected to unsanitary living conditions.
 
 
 3
 In his initial report, the magistrate recommended that the complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d) as to the defendants Greenup County Head Jailer Barbara Smith, Greenup County Sheriff's Department, and the Kentucky State Police because there was no allegation that they were personally involved in the alleged deprivation. The magistrate also found that the claim for monetary relief against the Kentucky State Police was barred by eleventh amendment sovereign immunity; and that the allegations against defendant Hamilton were vague and conclusory. The magistrate ordered that the John Doe defendants be identified and served within 120 days from the filing of the complaint. The district court accepted the magistrate's recommendation after noting Barnes' objections. After granting Barnes an extension of time, the magistrate recommended dismissal of the John Doe defendants for Barnes' failure to timely serve them with summons and the complaint. The district court adopted the magistrate's recommendation after reviewing Barnes' objections.
 
 
 4
 On appeal, Barnes reasserts his claims, requests the appointment of counsel, and he has filed a pro se brief.
 
 
 5
 Upon review, we conclude that Barnes has stated a cause of action against Hamilton, Smith, and the sheriff's department. Barnes alleged that he was assaulted and beaten during his arrest, that he was denied medical attention while in the Greenup County jail, and that defendant jailer Barbara Smith was responsible for the welfare of the inmates confined in the Greenup County jail. Barnes asserted his claims in both his complaint and in his objections to the first magistrate's report, but neither the magistrate nor the district court addressed the matters in their reports or orders. (See complaint, especially at p § 25-26). We conclude that summary dismissal was inappropriate in this case because Barnes's allegations have an arguable basis in law. See Lewis v. City of Irvine, 899 F.2d 451, 456 (6th Cir.1990) (excessive use of force during arrest states claim under Fourth Amendment); Danese v. Asman, 875 F.2d 1239, 1243 (6th Cir.1989) (pre-trial detainees have right to medical care under Fourteenth Amendment), cert. denied, 110 S.Ct. 1473 (1990).
 
 
 6
 The district court's judgment is affirmed, however, as to the Kentucky State Police because a state agency is entitled to assert eleventh amendment sovereign immunity against claims for monetary and injunctive relief. See Abick v. Michigan, 803 F.2d 874, 876 (6th Cir.1986).
 
 
 7
 Accordingly, the request for counsel is denied, and the district court's judgment is affirmed in part and vacated in part, and the case is hereby remanded for further consideration. Rule 9(b)(3), Rules of the Sixth Circuit.